UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| NAHUM BERNARDEZ, and<br>DEREK MELVIN,<br>    Plaintiffs<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>DEPARTMENT OF THE NAVY,<br>WATERMAN STEAMSHIP<br>CORPORATION, and OCEAN<br>GIANT II SHIPPING TRUST,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: |

## PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

Now come the Plaintiffs in the above-entitled matter and for their complaint state:

### Parties

1. The Plaintiff, NAHUM BERNARDEZ, is a resident of Dorchester, Commonwealth of Massachusetts.

2. The Plaintiff, DEREK MELVIN, is a resident of Newport News, Commonwealth of Virginia.

3. Defendant, UNITED STATES OF AMERICA, DEPARTMENT OF THE NAVY, is a Department within the sovereign state of the United States of America, which has consented to be sued pursuant to 46 U.S.C. § 30901 et seq., and 46 U.S.C. § 31101 et seq.

4. The Defendant, WATERMAN STEAMSHIP CORPORATION, is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business in Fort Lauderdale, State of Florida.

5. The Defendant, OCEAN GIANT II SHIPPING TRUST, is a statutory trust duly organized and existing under the laws of Delaware.

## General Factual Allegations

6. On or about August 20, 2019, the Defendant, WATERMAN STEAMSHIP CORPORATION, owned the M/V OCEAN GIANT.

7. On or about August 20, 2019, the Defendant, WATERMAN STEAMSHIP CORPORATION, chartered the M/V OCEAN GIANT from some other person(s) or entity(ies) such that on or about August 20, 2019, the Defendant, WATERMAN STEAMSHIP CORPORATION, was the owner *pro hac vice* of the M/V OCEAN GIANT.

8. On or about August 20, 2019, the Defendant, WATERMAN STEAMSHIP CORPORATION, or the Defendant's agents, servants, and/or employees, operated the M/V OCEAN GIANT.

9. On or about August 20, 2019, the Defendant, WATERMAN STEAMSHIP CORPORATION, or the Defendant's agents, servants, and/or employees, controlled the M/V OCEAN GIANT.

10. On or about August 20, 2019, the Defendant, WATERMAN STEAMSHIP CORPORATION, or the Defendant's agents, servants, and/or employees, operated and/or controlled the M/V OCEAN GIANT pursuant to a contract with Military Sealift Command.

11. Military Sealift Command is an operating unit of the Defendant, UNITED STATES OF AMERICA, DEPARTMENT OF THE NAVY (Hereinafter "the UNITED STATES").

12. On or about August 20, 2019, the Defendant, UNITED STATES, owned the M/V

OCEAN GIANT.

13. On or about August 20, 2019, the Defendant, UNITED STATES, chartered the M/V OCEAN GIANT from some other person(s) or entity(ies) such that on or about August 20, 2019, the Defendant, UNITED STATES, was the owner *pro hac vice* of the M/V OCEAN GIANT.

14. On or about August 20, 2019, the M/V OCEAN GIANT was a public vessel of the United States of America.

15. On or about August 20, 2019, the Defendant, the UNITED STATES, or the Defendant's agents, servants, and/or employees, operated the M/V OCEAN GIANT.

16. On or about August 20, 2019, the Defendant, the UNITED STATES, or the Defendant's agents, servants, and/or employees, controlled the M/V OCEAN GIANT.

17. On or about August 20, 2019, the Defendant, OCEAN GIANT II SHIPPING TRUST, owned the M/V OCEAN GIANT.

18. On or about August 20, 2019, the Defendant, OCEAN GIANT II SHIPPING TRUST, chartered the M/V OCEAN GIANT from some other person(s) or entity(ies) such that on or about August 20, 2019, the Defendant, OCEAN GIANT II SHIPPING TRUST, was the owner *pro hac vice* of the M/V OCEAN GIANT.

19. On or about August 20, 2019, the Defendant, OCEAN GIANT II SHIPPING TRUST, or the Defendant's agents, servants, and/or employees, operated and/or controlled the M/V OCEAN GIANT.

20. On or about August 20, 2019, the Plaintiff, NAHUM BERNARDEZ, was employed by the Defendant, UNITED STATES.

21. On or about August 20, 2019, the Plaintiff, NAHUM BERNARDEZ, was employed by the Defendant, UNITED STATES, as a seaman and member of the crew of the M/V OCEAN GIANT.

22. On or about August 20, 2019, the Plaintiff, NAHUM BERNARDEZ, was employed by the Defendant, WATERMAN STEAMSHIP CORPORATION.

23. On or about August 20, 2019, the Plaintiff, NAHUM BERNARDEZ, was employed by the Defendant, WATERMAN STEAMSHIP CORPORATION, as a seaman and member of the crew of the M/V OCEAN GIANT.

24. On or about August 20, 2019, the Plaintiff, NAHUM BERNARDEZ, was employed by the Defendant, OCEAN GIANT II SHIPPING TRUST.

25. On or about August 20, 2019, the Plaintiff, NAHUM BERNARDEZ, was employed by the Defendant, OCEAN GIANT II SHIPPING TRUST, as a seaman and member of the crew of the M/V OCEAN GIANT.

26. On or about August 20, 2019, the Plaintiff, DEREK MELVIN, was employed by the Defendant, UNITED STATES.

27. On or about August 20, 2019, the Plaintiff, DEREK MELVIN, was employed by the Defendant, UNITED STATES, as a seaman and member of the crew of the M/V OCEAN GIANT.

28. On or about August 20, 2019, the Plaintiff, DEREK MELVIN, was employed by the Defendant, WATERMAN STEAMSHIP CORPORATION.

29. On or about August 20, 2019, the Plaintiff, DEREK MELVIN, was employed by the Defendant, WATERMAN STEAMSHIP CORPORATION, as a seaman and member of the

crew of the M/V OCEAN GIANT.

30. On or about August 20, 2019, the Plaintiff, DEREK MELVIN, was employed by the Defendant, OCEAN GIANT II SHIPPING TRUST.

31. On or about August 20, 2019, the Plaintiff, DEREK MELVIN, was employed by the Defendant, OCEAN GIANT II SHIPPING TRUST, as a seaman and member of the crew of the M/V OCEAN GIANT.

32. On or about August 20, 2019, the M/V OCEAN GIANT was in navigable waters.

33. On or about August 20, 2019, while in the in the performance of his duties in the service of the M/V OCEAN GIANT, the Plaintiff, NAHUM BERNARDEZ, sustained serious and permanent chemical burns and other injuries to portions of his body.

34. On or about August 20, 2019, while in the in the performance of his duties in the service of the M/V OCEAN GIANT, the Plaintiff, DEREK MELVIN, sustained serious and permanent chemical burns and other injuries to portions of his body.

35. Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, NAHUM BERNARDEZ, was exercising due care.

36. Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, DEREK MELVIN, was exercising due care.

37. Proper notice and/or administrative presentment of the claims of Plaintiff, NAHUM BERNARDEZ, and Plaintiff, DEREK MELVIN, were made on the Chief, Division of Marine Insurance for the United States Maritime Administrative (MARAD), The Office of Counsel for the United States Military Sealift Command, and to Waterman Steamship Corporation in accordance with 50 U.S.C. Appendix, § 1291(a) and the provisions of 46 C.F.R.

§§ 327.4 and 327.5.

38.     No responses to said notices/presentments were received by the Plaintiffs and at least 60 days have passed; therefore, said claims have been administratively denied pursuant to 46 C.F.R. § 327.7.

39.     As of August 19, 2021, the M/V OCEAN GIANT is not within the territorial waters of the United States.

## Jurisdiction & Venue

40.     This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C. § 30104, et. seq. (formerly § 688 et. seq.), 28 U.S.C. §1331, 28 U.S.C. §1333, the Suits in Admiralty Act, 46 U.S.C. § 30901 et seq., and the Public Vessels Act, 46 U.S.C. § 31101 et seq.

41.     Pursuant to 46 U.S.C. § 31104 and 46 U.S.C. § 30906, venue is proper in this Court because the M/V OCEAN GIANT is outside the territorial waters of the United States and the Plaintiff, NAHUM BERNARDEZ, resides in Dorchester, within the District of Massachusetts.

## COUNT I
## NAHUM BERNARDEZ v. UNITED STATES
### (JONES ACT NEGLIGENCE)

42.     The Plaintiff, NAHUM BERNARDEZ, reiterates the allegations set forth in paragraphs 1 through 41 above.

43.     The personal injuries sustained by the Plaintiff, NAHUM BERNARDEZ, were not caused by any fault on his part but were caused by the negligence of the Defendant, UNITED STATES, its agents, servants and/or employees in failing to:  (1) have in place reasonably safe

policies and/or procedures for handling chemicals and/or cleaning chemical spills; (2) train the Plaintiff in reasonably safe procedures in handling chemicals and/or cleaning chemical spills; (3) reasonably direct and or supervise the Plaintiff while handling chemicals and/or cleaning chemical spills; (4) provide the Plaintiff with reasonably safe equipment and/or clothing to handle chemicals and/or clean chemical spills; and, (5) in other manners or respects which may be learned during discovery in this action.

44. As a result of said injuries, the Plaintiff, NAHUM BERNARDEZ, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

45. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

**WHEREFORE**, the Plaintiff, NAHUM BERNARDEZ, demands judgment against the Defendant, UNITED STATES, in an amount to be determined by the Court together with interest and costs.

### COUNT II
### NAHUM BERNARDEZ v. UNITED STATES
### (GENERAL MARITIME LAW  -  UNSEAWORTHINESS)

46. The Plaintiff, NAHUM BERNARDEZ, reiterates the allegations set forth in paragraphs 1 through 41 above.

47. The personal injuries sustained by the Plaintiff, NAHUM BERNARDEZ, were due to no fault of his, but were caused by the Unseaworthiness of the M/V OCEAN GIANT.

48. As a result of said injuries the Plaintiff, NAHUM BERNARDEZ, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical

expenses, and has sustained and will sustain other damages as will be shown at trial.

49. This cause of action is brought under the General Maritime Law for Unseaworthiness.

**WHEREFORE**, the Plaintiff, NAHUM BERNARDEZ, demands judgment against the Defendant, UNITED STATES, in an amount to be determined by the Court together with interest and costs.

**COUNT III**
**NAHUM BERNARDEZ v. UNITED STATES**
**(GENERAL MARITIME LAW - MAINTENANCE and CURE)**

50. The Plaintiff, NAHUM BERNARDEZ, reiterates all of the allegations set forth in Paragraphs 1 through 41 above.

51. As a result of the personal injuries described in paragraph 33 above, the Plaintiff, NAHUM BERNARDEZ, has incurred and will continue to incur expenses for his maintenance and cure.

**WHEREFORE**, the Plaintiff, NAHUM BERNARDEZ, demands judgment against the Defendant, UNITED STATES, in an amount to be determined by the Court together with costs and interest.

**COUNT IV**
**NAHUM BERNARDEZ v. WATERMAN STEAMSHIP CORPORATION**
**(JONES ACT NEGLIGENCE)**

52. The Plaintiff, NAHUM BERNARDEZ, reiterates the allegations set forth in paragraphs 1 through 41 above.

53. The personal injuries sustained by the Plaintiff, NAHUM BERNARDEZ, were not caused by any fault on his part but were caused by the negligence of the Defendant,

WATERMAN STEAMSHIP CORPORATION, its agents, servants and/or employees in failing to: (1) have in place reasonably safe policies and/or procedures for handling chemicals and/or cleaning chemical spills; (2) train the Plaintiff in reasonably safe procedures in handling chemicals and/or cleaning chemical spills; (3) reasonably direct and or supervise the Plaintiff while handling chemicals and/or cleaning chemical spills; (4) provide the Plaintiff with reasonably safe equipment and/or clothing to handle chemicals and/or clean chemical spills; and, (5) in other manners or respects which may be learned during discovery in this action.

54. As a result of said injuries, the Plaintiff, NAHUM BERNARDEZ, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

55. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

**WHEREFORE**, the Plaintiff, NAHUM BERNARDEZ, demands judgment against the Defendant, WATERMAN STEAMSHIP CORPORATION, in an amount to be determined by the jury together with interest and costs.

## COUNT V
## NAHUM BERNARDEZ v. WATERMAN STEAMSHIP CORPORATION
### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

56. The Plaintiff, NAHUM BERNARDEZ, reiterates the allegations set forth in paragraphs 1 through 41 above.

57. The personal injuries sustained by the Plaintiff, NAHUM BERNARDEZ, were due to no fault of his, but were caused by the Unseaworthiness of the M/V OCEAN GIANT.

58. As a result of said injuries the Plaintiff, NAHUM BERNARDEZ, has suffered

pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

59. This cause of action is brought under the General Maritime Law for Unseaworthiness.

**WHEREFORE**, the Plaintiff, NAHUM BERNARDEZ, demands judgment against the Defendant, WATERMAN STEAMSHIP CORPORATION, in an amount to be determined by the jury together with interest and costs.

### COUNT VI
### NAHUM BERNARDEZ v. WATERMAN STEAMSHIP CORPORATION
### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

60. The Plaintiff, NAHUM BERNARDEZ, reiterates all of the allegations set forth in Paragraphs 1 through 41 above.

61. As a result of the personal injuries described in paragraph 33 above, the Plaintiff, NAHUM BERNARDEZ, has incurred and will continue to incur expenses for his maintenance and cure.

**WHEREFORE**, the Plaintiff, NAHUM BERNARDEZ, demands judgment against the Defendant, WATERMAN STEAMSHIP CORPORATION, in an amount to be determined by the jury together with costs and interest.

### COUNT VII
### NAHUM BERNARDEZ v. OCEAN GIANT II SHIPPING TRUST
### (JONES ACT NEGLIGENCE)

62. The Plaintiff, NAHUM BERNARDEZ, reiterates the allegations set forth in paragraphs 1 through 41 above.

63. The personal injuries sustained by the Plaintiff, NAHUM BERNARDEZ, were

not caused by any fault on his part but were caused by the negligence of the Defendant, OCEAN GIANT II SHIPPING TRUST, its agents, servants and/or employees in failing to: (1) have in place reasonably safe policies and/or procedures for handling chemicals and/or cleaning chemical spills; (2) train the Plaintiff in reasonably safe procedures in handling chemicals and/or cleaning chemical spills; (3) reasonably direct and or supervise the Plaintiff while handling chemicals and/or cleaning chemical spills; (4) provide the Plaintiff with reasonably safe equipment and/or clothing to handle chemicals and/or clean chemical spills; and, (5) in other manners or respects which may be learned during discovery in this action.

64. As a result of said injuries, the Plaintiff, NAHUM BERNARDEZ, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

65. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

**WHEREFORE**, the Plaintiff, NAHUM BERNARDEZ, demands judgment against the Defendant, OCEAN GIANT II SHIPPING TRUST, in an amount to be determined by the jury together with interest and costs.

<u>**COUNT VIII**</u>
<u>**NAHUM BERNARDEZ v. OCEAN GIANT II SHIPPING TRUST**</u>
**(GENERAL MARITIME LAW  -  UNSEAWORTHINESS)**

66. The Plaintiff, NAHUM BERNARDEZ, reiterates the allegations set forth in paragraphs 1 through 41 above.

67. The personal injuries sustained by the Plaintiff, NAHUM BERNARDEZ, were due to no fault of his, but were caused by the Unseaworthiness of the M/V OCEAN GIANT.

68.     As a result of said injuries the Plaintiff, NAHUM BERNARDEZ, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

69.     This cause of action is brought under the General Maritime Law for Unseaworthiness.

**WHEREFORE**, the Plaintiff, NAHUM BERNARDEZ, demands judgment against the Defendant, OCEAN GIANT II SHIPPING TRUST, in an amount to be determined by the jury together with interest and costs.

### COUNT IX
### DEREK MELVIN v. UNITED STATES
### (JONES ACT NEGLIGENCE)

70.     The Plaintiff, DEREK MELVIN, reiterates the allegations set forth in paragraphs 1 through 41 above.

71.     The personal injuries sustained by the Plaintiff, DEREK MELVIN, were not caused by any fault on his part but were caused by the negligence of the Defendant, UNITED STATES, its agents, servants and/or employees in failing to:  (1) have in place reasonably safe policies and/or procedures for handling chemicals and/or cleaning chemical spills; (2) train the Plaintiff in reasonably safe procedures in handling chemicals and/or cleaning chemical spills; (3) reasonably direct and or supervise the Plaintiff while handling chemicals and/or cleaning chemical spills; (4) provide the Plaintiff with reasonably safe equipment and/or clothing to handle chemicals and/or clean chemical spills; and, (5) in other manners or respects which may be learned during discovery in this action.

72.     As a result of said injuries, the Plaintiff, DEREK MELVIN, has suffered pain of

body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

73. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

**WHEREFORE**, the Plaintiff, DEREK MELVIN, demands judgment against the Defendant, UNITED STATES, in an amount to be determined by the Court together with interest and costs.

## COUNT X
## DEREK MELVIN v. UNITED STATES
### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

74. The Plaintiff, DEREK MELVIN, reiterates the allegations set forth in paragraphs 1 through 41 above.

75. The personal injuries sustained by the Plaintiff, DEREK MELVIN, were due to no fault of his, but were caused by the Unseaworthiness of the M/V OCEAN GIANT.

76. As a result of said injuries the Plaintiff, DEREK MELVIN, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

77. This cause of action is brought under the General Maritime Law for Unseaworthiness.

**WHEREFORE**, the Plaintiff, DEREK MELVIN, demands judgment against the Defendant, UNITED STATES, in an amount to be determined by the Court together with interest and costs.

## COUNT XI
## DEREK MELVIN v. UNITED STATES OF AMERICA
### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

78. The Plaintiff, DEREK MELVIN, reiterates all of the allegations set forth in Paragraphs 1 through 41 above.

79. As a result of the personal injuries described in paragraph 34 above, the Plaintiff, DEREK MELVIN, has incurred and will continue to incur expenses for his maintenance and cure.

**WHEREFORE**, the Plaintiff, DEREK MELVIN, demands judgment against the Defendant, UNITED STATES, in an amount to be determined by the Court together with costs and interest.

## COUNT XII
## DEREK MELVIN v. WATERMAN STEAMSHIP CORPORATION
### (JONES ACT NEGLIGENCE)

80. The Plaintiff, DEREK MELVIN, reiterates the allegations set forth in paragraphs 1 through 41 above.

81. The personal injuries sustained by the Plaintiff, DEREK MELVIN, were not caused by any fault on his part but were caused by the negligence of the Defendant, WATERMAN STEAMSHIP CORPORATION, its agents, servants and/or employees in failing to: (1) have in place reasonably safe policies and/or procedures for handling chemicals and/or cleaning chemical spills; (2) train the Plaintiff in reasonably safe procedures in handling chemicals and/or cleaning chemical spills; (3) reasonably direct and or supervise the Plaintiff while handling chemicals and/or cleaning chemical spills; (4) provide the Plaintiff with reasonably safe equipment and/or clothing to handle chemicals and/or clean chemical spills; and,

(5) in other manners or respects which may be learned during discovery in this action.

82. As a result of said injuries, the Plaintiff, DEREK MELVIN, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

83. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

**WHEREFORE**, the Plaintiff, DEREK MELVIN, demands judgment against the Defendant, WATERMAN STEAMSHIP CORPORATION, in an amount to be determined by the jury together with interest and costs.

## COUNT XIII
## DEREK MELVIN v. WATERMAN STEAMSHIP CORPORATION
### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

84. The Plaintiff, DEREK MELVIN, reiterates the allegations set forth in paragraphs 1 through 41 above.

85. The personal injuries sustained by the Plaintiff, DEREK MELVIN, were due to no fault of his, but were caused by the Unseaworthiness of the M/V OCEAN GIANT.

86. As a result of said injuries the Plaintiff, DEREK MELVIN, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

87. This cause of action is brought under the General Maritime Law for Unseaworthiness.

**WHEREFORE**, the Plaintiff, DEREK MELVIN, demands judgment against the Defendant, WATERMAN STEAMSHIP CORPORATION, in an amount to be determined by

the jury together with interest and costs.

## COUNT XIV
## DEREK MELVIN v. WATERMAN STEAMSHIP CORPORATION
### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

88. The Plaintiff, DEREK MELVIN, reiterates all of the allegations set forth in Paragraphs 1 through 41 above.

89. As a result of the personal injuries described in paragraph 34 above, the Plaintiff, DEREK MELVIN, has incurred and will continue to incur expenses for his maintenance and cure.

**WHEREFORE**, the Plaintiff, DEREK MELVIN, demands judgment against the Defendant, WATERMAN STEAMSHIP CORPORATION, in an amount to be determined by the jury together with costs and interest.

## COUNT XV
## NAHUM BERNARDEZ v. OCEAN GIANT II SHIPPING TRUST
### (JONES ACT NEGLIGENCE)

90. The Plaintiff, NAHUM BERNARDEZ, reiterates the allegations set forth in paragraphs 1 through 41 above.

91. The personal injuries sustained by the Plaintiff, NAHUM BERNARDEZ, were not caused by any fault on his part but were caused by the negligence of the Defendant, OCEAN GIANT II SHIPPING TRUST, its agents, servants and/or employees in failing to: (1) have in place reasonably safe policies and/or procedures for handling chemicals and/or cleaning chemical spills; (2) train the Plaintiff in reasonably safe procedures in handling chemicals and/or cleaning chemical spills; (3) reasonably direct and or supervise the Plaintiff while handling chemicals and/or cleaning chemical spills; (4) provide the Plaintiff with reasonably safe equipment and/or

clothing to handle chemicals and/or clean chemical spills; and, (5) in other manners or respects which may be learned during discovery in this action.

92. As a result of said injuries, the Plaintiff, NAHUM BERNARDEZ, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

93. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

**WHEREFORE**, the Plaintiff, NAHUM BERNARDEZ, demands judgment against the Defendant, OCEAN GIANT II SHIPPING TRUST, in an amount to be determined by the jury together with interest and costs.

### COUNT XVI
### NAHUM BERNARDEZ v. OCEAN GIANT II SHIPPING TRUST
### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

94. The Plaintiff, NAHUM BERNARDEZ, reiterates the allegations set forth in paragraphs 1 through 41 above.

95. The personal injuries sustained by the Plaintiff, NAHUM BERNARDEZ, were due to no fault of his, but were caused by the Unseaworthiness of the M/V OCEAN GIANT.

96. As a result of said injuries the Plaintiff, NAHUM BERNARDEZ, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

97. This cause of action is brought under the General Maritime Law for Unseaworthiness.

**WHEREFORE**, the Plaintiff, NAHUM BERNARDEZ, demands judgment against the

Defendant, OCEAN GIANT II SHIPPING TRUST, in an amount to be determined by the jury together with interest and costs.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES RAISED IN COUNTS IV, V, VI, VII, VIII, XII, XIII, XIV, XV AND XVI**

                Respectfully submitted for the
                the Plaintiffs, NAHUM BERNARDEZ,
                and DEREK MELVIN, by
                their attorney,

Dated: 08/19/2021

                /s/ Jonathan E. Gilzean
                Jonathan E. Gilzean, BBO #679164
                Latti & Anderson, LLP
                30-31 Union Wharf
                Boston, MA 02109
                (617) 523-1000
                JGilzean@lattianderson.com